IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DALE A. THOMAS, | : |
| Plaintiff, | : CIVIL ACTION NO. 14-1282 |
| v. | : |
| DOUGLAS SCHLEGEL, | : |
| Defendant. | : |

**MEMORANDUM OPINION**

Smith, J.                                                                                                    February 11, 2015

      The *pro se* plaintiff brings this 42 U.S.C. § 1983 action seeking injunctive and compensatory relief against the defendant, a Pennsylvania magisterial district judge, claiming that the defendant violated his constitutional rights when the defendant allegedly removed an exhibit from his office file.  The defendant moves to dismiss the complaint because he claims that, *inter alia*, the Eleventh Amendment bars the plaintiff's claim, his judicial position is not a "person" subject to suit under section 1983, and he is entitled to the protection of absolute judicial immunity.  As the plaintiff has confirmed that he seeks relief against the defendant only in his individual capacity, the court does not have to address the defendant's arguments under the Eleventh Amendment and whether he is a "person" under section 1983.  Nonetheless, the court finds that judicial immunity protects the defendant from the plaintiff's claims and, accordingly, the court will dismiss this action with prejudice.

          **I.**      **ALLEGATIONS AND PROCEDURAL HISTORY**

      On February 28, 2014, the *pro se* plaintiff, Dale A. Thomas, commenced this action by filing a complaint against the defendant, Magisterial District Judge Douglas Schlegel.  Compl., Doc. No. 1.  In the complaint, the plaintiff alleges that in March 2012, Judge Schlegel presided

over a hearing relating to the plaintiff's alleged violation of a Bushkill Township noise ordinance. *Id.* at ¶ 1. The plaintiff complains that prior to the hearing, the Bushkill Township Police Department gave him a written warning indicating that he had violated the noise ordinance on various dates and times.[1] *Id.* at ¶ 4. The plaintiff alleges that this noise ordinance requires a warning notice "setting forth the proscribed conduct, giving the person a chance to restrain from said behavior, prior to the imposition of a fine." *Id.* at ¶ 2. However, the warning the plaintiff received did not comply with this requirement because it failed to describe any conduct that violated the ordinance.[2] *Id.* at ¶ 4.

The plaintiff sought to defend himself at the March 2012 hearing before Judge Schlegel by demonstrating that the police did not provide him with adequate notice of the conduct that violated the ordinance. *Id.* at ¶ 5. The plaintiff further alleges that the police anticipated this defense because the officer testifying against the plaintiff, Officer Happel, presented a warning notice that differed from the notice that the plaintiff received in that it specifically pertained to the plaintiff's dogs. *Id.* at ¶ 6. Judge Schlegel admitted this "new" copy of the warning notice into evidence, and, ultimately, he found the plaintiff guilty of two offenses. *Id.* at ¶ 7.

---

[1] Although the plaintiff indicates that he attached a copy of the notice to the complaint, *see* Compl. at ¶ 4, he failed to do so.

[2] The court may consider the ordinance, in effect since 2009, as a matter of public record. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) ("In evaluating a motion to dismiss, we may consider documents that are attached to or submitted with the complaint, . . . and any 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case.'" (quoting 5B Charles A. Wright & Arthur R. Miller, *Fed. Prac. & Proc.* § 1357 (3d ed. 2004)); *see, e.g., Thomas v. Coopersmith*, No. 11-7578, 2012 WL 3599415, at *2, n.3 (E.D. Pa. Aug. 21, 2012) (explaining that, in case involving the plaintiff in the instant case, the court could consider the noise ordinance because it is "both integral to plaintiff's claim and a matter of public record"). The ordinance does not, as plaintiff suggests, require that the officer "set forth the proscribed conduct, giving the person a chance to restrain from said behavior, prior to the imposition of a fine." Compl. at ¶ 4. The only language regarding warnings in the ordinance is as follows:
> B. Warnings. [I]f it is determined that there is a noise disturbance, the Township of Bushkill, shall upon written complaint by the affected person, who resides in the Township, confirmed and signed by a second complainant, or [corroborated] by a Bushkill Township Police Officer, issue a written warning to the person responsible. Any such warning shall be in effect for six (6) months.

Bushkill Twp. Ordinance No. 2009-1 § 11(B) (June 4, 2009).

The plaintiff timely filed an appeal from his summary conviction for a trial *de novo* in the Northampton County Court of Common Pleas. *Id.* at ¶ 8. A few months later, the plaintiff visited Judge Schlegel's office to obtain a copy of the notice that Officer Happel presented at the plaintiff's hearing. *Id.* at ¶ 9. After retrieving the office file, Judge Schlegel's secretary showed the plaintiff that Officer Happel's notice was missing from the file. *Id.* at ¶ 10. While speaking with Judge Schlegel's secretary, the plaintiff noticed a log in the file indicating that two documents were entered into evidence at the hearing, one titled Commonwealth exhibit 1 noise warning notice, and another titled defense exhibit 1 noise warning notice. *Id.* The plaintiff requested a copy of this log, and the secretary first obtained permission from Judge Schlegel to provide it. *Id.* at ¶¶ 10, 11. Although the log that the plaintiff observed in the office referenced the two exhibits, he alleges that Judge Schlegel rewrote the log to show only Commonwealth exhibit 1 and he eventually received a copy of the rewritten log instead of the original log. *Id.* at ¶ 11. The plaintiff alleges that Judge Schlegel "removed this evidence from the file to cover up the fact[] that Officer Happel employed illegal evidence to procure a conviction, further preventing plaintiff from challenging said evidence[] at trial de novo." *Id.* at ¶ 12.

After the trial *de novo*, the court imposed a $4,000 fine or ordered that the plaintiff leave his home by the end of December 2012.[3] *Id.* at ¶ 15. On March 11, 2013, the plaintiff served Judge Schlegel with a subpoena *duces tecum*, formally requesting production of the noise warning notice that Officer Happel entered into evidence at the hearing. *Id.* at ¶ 16. Judge Schlegel did not respond to this subpoena. *Id.*

---

[3] During oral argument before this court, the plaintiff explained that because he told The Common Pleas Judge that he was considering moving, the Judge accepted his promise to move in lieu of imposing a monetary fine. The plaintiff had an ongoing feud with his neighbor, whom the plaintiff believed to be the individual who filed the noise complaint against him, and their disharmony lead the plaintiff to decide to move.

Based on the aforementioned allegations, the plaintiff asserts a cause of action against Judge Schlegel under 42 U.S.C. § 1983. *Id.* at ¶ 1. The plaintiff alleges that "[w]ithholding the requested evidence deprived [him of] the fundamental fairness requirement of due process under the Fourteenth Amendment of the United States Constitution." *Id.* at ¶ 19. He seeks injunctive relief mandating Judge Schlegel to produce "the tainted evidence produced by Officer Happel at the March 2nd hearing" and compensatory damages in excess of $150,000. *Id.* at ¶¶ 23-24.[4] With regard to the request for injunctive relief, the plaintiff states that he needs the "illegal evidence" for a pending civil matter (docketed in this court at No. 11-7578) and for two other criminal prosecutions. *Id.* at ¶¶ 13, 21-22.

Judge Schlegel filed the instant motion to dismiss on May 30, 2014. Doc. No. 6. The plaintiff filed a response in opposition to the motion on June 30, 2014. Doc. No. 12. Judge Schlegel filed a reply to the plaintiff's response on July 7, 2014. Doc. No. 13. The plaintiff filed a surreply on July 30, 2014. Doc. No. 14. The court held oral argument on January 15, 2015. The motion is now ripe for disposition.

## II.   DISCUSSION

In the motion to dismiss, Judge Schlegel argues that the court should dismiss the complaint because (1) the Eleventh Amendment immunizes him from the claims against him in his official capacity; (2) the claims against him in his official capacity are barred because the Magisterial District Court over which Judge Schlegel presides is not a "person" under 42 U.S.C. § 1983; (3) the doctrine of absolute judicial immunity bars any individual capacity claims against him; (4) the plaintiff's claim for injunctive relief is actually a improper request for *mandamus*;

---

[4] The complaint's numbered paragraphs run from 1 to 23, followed by one unnumbered paragraph under the heading "Damages," just before the "Wherefore" clause. For reference purposes only, the court will label this unnumbered paragraph under "Damages" as paragraph 24.

and (5) the *Rooker-Feldman* doctrine bars the claims. Mot. to Dismiss Pl.'s Compl. Filed on Behalf of the Honorable Douglas Schlegel ("Def.'s Mot.") at ¶¶ 9-15.

In response to Judge Schlegel's arguments, the plaintiff contends that Judge Schlegel did not act in his official or judicial capacity when he allegedly violated the plaintiff's constitutional rights, that he is suing Judge Schlegel in his individual capacity only, and that Judge Schlegel's actions did not constitute a "judicial act" for purposes of judicial immunity. Pl.'s Mem. in Opp'n to Mot. to Dismiss ("Pl.'s Opp'n") at 2-4. Additionally, the plaintiff argues that his claim is not barred by the *Rooker-Feldman* doctrine because he "is not requesting this Court to review the propriety of the state court's ruling." *Id.* at 8.

The plaintiff has also clarified that he is not pursuing any claims against Judge Schlegel in his official capacity. *See* Resp. to Reply in Opp'n to Mot. to Dismiss ("Pl.'s Surreply") at 1 (stating that "[p]laintiff is suing Judge Schlegel in his individual capacity, not the entity in which he presides" and "plaintiff, is not suing Judge Schlegel in his <u>official</u> capacity, and counsel's fabrication of such a claim is unfounded" (emphasis in original)). Therefore, the court need not address Judge Schlegel's arguments that the Eleventh Amendment bars the plaintiff's claims or that he is not a "person" under 42 U.S.C. § 1983 because those arguments would only serve to dismiss any claims against him for damages in his official capacity. *See, e.g., Garden St. Elec. Inspection Servs. Inc. v. Levin*, 144 F. App'x 247, 250-51 (3d Cir. 2005) (explaining that Eleventh Amendment and 42 U.S.C. § 1983 permit suits for damages against state officials when sued in their personal or individual capacities, but not when sued in official capacities).[5] Regarding the remaining claims against Judge Schlegel in his individual capacity, for the reasons

---

[5] The court recognizes that a plaintiff may pursue a section 1983 claim for injunctive relief against a state official in his or her official capacity. *See Will v. Mich. Dep't of St. Pol.*, 491 U.S. 58, 71 n.10 ("Of course a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'" (quoting *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985)).

discussed below, the court dismisses those claims with prejudice because judicial immunity bars those claims.

### A. The Motion To Dismiss

#### 1. Standard of Review – Rule 12(b)(6) Motions

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a complaint or a portion of a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests "the sufficiency of the allegations contained in the complaint." *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (citation omitted). As the moving party, "[t]he defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citation omitted).

In general, a complaint is legally sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "The touchstone of [this] pleading standard is plausibility." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012). Although Rule 8(a)(2) does "not require heightened fact pleading of specifics," it does require the recitation of "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). In other words, "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quotation omitted). Ultimately, a complaint must contain facts sufficient to nudge any claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

In implementing the overarching plausibility standard, the court is required to conduct a three-part inquiry. First, the court must "outline the elements a plaintiff must plead to a state a claim for relief." *Bistrian*, 696 F.3d at 365 (citations omitted). Second, the court must identify allegations that are not "entitled to the assumption of truth" because they "are no more than conclusions." *Id.* (citations omitted). Thus, legal conclusions, whether in pure form or "couched as factual allegation[s]," and conclusory factual allegations are not entitled to be assumed true. *See Iqbal*, 556 U.S. at 678, 681 (quoting *Twombly*, 550 U.S. at 555); *Siwulec v. J.M. Adjustment Servs., LLC*, 465 F. App'x 200, 202 (3d Cir. 2012). Finally, the court must "look for well-pled factual allegations, assume their veracity, and then 'determine whether they plausibly give rise to an entitlement to relief.'" *Bistrian*, 696 F.3d at 365 (quotations omitted). This determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (citation omitted).

The court generally limits this three-part inquiry to "the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted). However, the court may also properly consider "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Id.* (citations omitted).

2.   Analysis

Because the plaintiff acknowledges that he is pursuing claims against Judge Schlegel in his individual capacity, the court will not address Judge Schlegel's arguments for dismissal under the Eleventh Amendment and whether his office is a "person" under section 1983. Instead, the

court will address whether Judge Schlegel is immune from suit in this case pursuant to judicial immunity.

Judges are absolutely immune from liability in civil actions, including section 1983 actions, for their judicial acts. *Dennis v. Sparks,* 449 U.S. 24, 27 (1980). "Judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Both judges of general and limited jurisdiction, including magisterial judges, are entitled to judicial immunity. *See Figueroa v. Blackburn*, 208 F.3d 435, 441 (3d Cir. 2000) (concluding that magisterial district judges, even though they preside over courts of limited jurisdiction, are entitled to protections of judicial immunity).

There are only two circumstances in which a plaintiff can overcome judicial immunity: "First, a judge is not immune from liability for nonjudicial actions, *i.e.,* actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11-12 (citations omitted). In determining whether judicial immunity applies, the court "must decide whether the Complaint set forth allegations that, taken as true, establish that the application of an exception to the doctrine of absolute judicial immunity is above the speculative level." *Kirkland v. DiLeo*, 581 F. App'x 111, 114-15 (3d Cir. 2014) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

      a.    <u>Whether Judge Schlegel's Acts were Non-Judicial in Nature</u>

As indicated above, the court must first determine whether the complaint includes allegations showing that Judge Schlegel's acts were non-judicial in nature. In analyzing whether an act is non-judicial in nature, courts consider "whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). "[T]he relevant inquiry is the 'nature'

and 'function' of the act, not the 'act itself.' In other words, we look to the particular act's relation to a general function normally performed by a judge." *Mireles*, 502 U.S. at 13 (citing *Stump*, 435 U.S. at 362)). Although neither the Supreme Court nor the Third Circuit have enumerated the particular acts that are definitively judicial in nature, some other Circuit Courts of Appeals have considered the following factors:

> "(1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity."

*Perez v. Gamez*, No. 1:13-CV-01552, 2013 WL 6147935, at *6 (M.D. Pa. Nov. 22, 2013) (quoting *Davis v. Tarrant Cnty., Tex.,* 565 F.3d 214, 222-23 (5th Cir. 2009) and citing to *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001)).

Here, the relevant allegations from the complaint are that the "plaintiff proceeded to the office of the Magistrate to obtain a copy of the noise warning notice . . . entered into evidence at the hearing." Compl. at ¶ 9. Judge Schlegel's secretary "showed the plaintiff that this document was missing from the file." *Id.* at ¶ 10. Upon the plaintiff's request, the secretary then asked Judge Schlegel for permission to give the plaintiff a copy of the evidence log from the hearing. *Id.* at ¶ 11. When the plaintiff received the copy, he saw that it had been rewritten to omit reference to the document that the plaintiff had entered into evidence at the hearing: "defense exhibit 1 noise warning notice." *Id.* at ¶¶ 10-11.

Assuming that these allegations are true, as the court must for purposes of this analysis, and applying them to the four-factor test outlined above, the court finds that the acts complained of are judicial in nature. The allegations demonstrate that the first factor is satisfied because the precise act complained of—custody and control over official case records—is a normal judicial

function of Pennsylvania magisterial district judges.  In this regard, the "[s]ecurity, possession, custody and control of the official case records of the magisterial district courts are generally the responsibility of the magisterial district judge and his or her designated staff." 204 Pa. Code § 213.2.  Judge Schlegel is accused of removing an evidentiary exhibit from the case record of a matter that was assigned to him and over which he presided.  As a magisterial district judge, it was his province to maintain the case records, keep them within his possession and custody, and ensure their security.  Because these are functions normally performed by a Pennsylvania magisterial district judge, Judge Schlegel's handling of a document in a case record is an act that is judicial in nature.  This is the case even if, as the plaintiff alleges, Judge Schlegel purposefully mishandled and removed the document from the office file.  A judge is not deprived of immunity even when the action was "in error, done maliciously or corruptly, or . . . in excess of his [or her] authority." *Iseley v. Bucks Cnty.*, 549 F. Supp. 160, 165 (E.D. Pa. 1982).  Further, the fact that the plaintiff went to Judge Schlegel's office to obtain a copy of the evidence indicates that the plaintiff understood that case records are maintained by magisterial district judges, and this supports the conclusion that this judicial function was performed to the expectation of the parties.

As for the second factor, the complaint does not provide any factual allegations that the court may rely on to discern whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers.  The plaintiff alleges that he arrived at Judge Schlegel's office to obtain a copy of the noise warning, and "[w]hen the secretary pulled the file[,] she stated that the evidence was missing from the file." Pl.'s Opp'n at 3.  The logical conclusion is that Judge Schlegel would have been in his office when he allegedly tampered with the file.  However, the allegations appear to show that Judge Schlegel may have removed the document

prior to the time that the plaintiff arrived in his office, thus, for purposes of this motion, the court cannot conclude where the removal actually took place and the second factor is non-determinative.

Concerning the third factor, the allegations satisfy this factor because all of the allegations center around the plaintiff's hearing and convictions for violating the noise ordinance. Judge Schlegel presided over the hearing, Judge Schlegel admitted the missing document—the noise violation warning—into evidence at the hearing, and the plaintiff alleges that Judge Schlegel removed the document from the case file. Therefore, the controversy is entirely concerned with and about a case pending before the court.

For the final factor, the acts arose directly out of a visit to Judge Schlegel in his official capacity. The plaintiff visited Judge Schlegel's office to obtain records from this case before Judge Schlegel, and Judge Schlegel was maintaining those records pursuant to his duty as a magisterial district judge. *See* 204 Pa. Code § 213.2.

In summation, the court finds that, as the presiding judge, Judge Schlegel's maintenance of, or failure to maintain, the case record and its corresponding exhibits relating to the plaintiff's noise ordinance violation hearing was a judicial act.

b.   Whether Judge Schlegel's Acts were Taken in the Complete Absence of all Jurisdiction

After concluding that the acts complained of were judicial in nature, the court must next evaluate whether the acts, while judicial, were taken in complete absence of all jurisdiction. "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump*, 435 U.S. at 356-57 (quoting *Bradley v. Fisher*, 80 U.S. 335, 351 (1871)). In support of his argument that Judge Schlegel was acting in

11

complete absence of all jurisdiction, the plaintiff points out that prior to visiting Judge Schlegel's office to obtain a copy of the noise warning, he had appealed his conviction to the Court of Common Pleas of Northampton County. Compl. at ¶¶ 8-9. He notes that it was not until a few months after he filed the appeal that he visited Judge Schlegel's office. *Id.* The appeal, the plaintiff argues, effectively divested Judge Schlegel of jurisdiction, such that at the time he committed the act of removing evidence from the file, he was acting without jurisdiction. Pl.'s Opp'n at 1; Pl.'s Surreply at 2.

As a preliminary matter, the plaintiff does not allege precisely when Judge Schlegel removed the evidence. The plaintiff's jurisdictional argument merely assumes that it happened after he filed his appeal. The court finds, however, that regardless of when Judge Schlegel removed the document from the file, he was not acting in complete absence of jurisdiction.

Contrary to the plaintiff's assertion, there is a difference between "excess of jurisdiction and the clear absence of all jurisdiction over the subject-matter." *Stump*, 435 U.S. at 356 n.6. More specifically,

> [w]here there is clearly no jurisdiction over the *subject-matter* any authority exercised is a usurped authority, and for the exercise of such authority, when the want of jurisdiction is known to the judge, no excuse is permissible. But where jurisdiction over the *subject-matter* is invested by law in the judge, or in the court which he holds, the manner and extent in which the jurisdiction shall be exercised are generally as much questions for his determination as any other questions involved in the case, although upon the correctness of his determination in these particulars the validity of his judgments may depend.

*Id.* (quoting *Bradley*, 80 U.S. at 351-52) (emphasis added).

The key inquiry, therefore, is whether Judge Schlegel had subject-matter jurisdiction. Pennsylvania magisterial district judges have jurisdiction over, *inter alia*, summary offenses. *See* 42 Pa. C.S. § 1515. A summary offense is an offense that is statutorily designated as such, or one that carries a maximum sentence of ninety days imprisonment. *See* 18 Pa. C.S. § 106(c).

Judge Schlegel convicted the plaintiff of violating an ordinance—the Bushkill Township Noise Ordinance—which carries a maximum sentence of $1,000, and, in default of payment, a maximum thirty days imprisonment. Bushkill Twp. Ordinance No. 2009-01 § 13 (June 4, 2009). Therefore, violating the ordinance is a summary offense and Judge Schlegel had subject-matter jurisdiction over the hearing on the violations. Even if the complained-of act occurred after the plaintiff filed the appeal for a trial *de novo*, the filing of the appeal did not divest Judge Schlegel of subject-matter jurisdiction. *See, e.g.*, *Green v. Maraio*, 722 F.2d 1013, 1017-18 (2d Cir. 1983) (holding that even when a judge no longer has personal jurisdiction over the defendant and the case, he may still possess subject-matter jurisdiction). Several circuits have held that a judge does not act in clear absence of subject-matter jurisdiction when a judge later acts after an appeal was taken. *See Dellenbach v. Letsinger*, 889 F.2d 755, 760 n.6 (7th Cir. 1989) (collecting cases). "[A] judge who possesses subject matter jurisdiction is not within the 'clear absence of all jurisdiction' posture which would deprive him of the use of the defense of judicial immunity." *Green*, 722 F.2d at 1017-18. At most, Judge Schlegel acted in excess of jurisdiction, but this would still entitle him to the protections of judicial immunity. *See Mullis v. U.S. Bankr. Court for Dist. of Nev.*, 828 F.2d 1385, 1389 (9th Cir. 1987) (holding that a bankruptcy judge merely acted in excess of jurisdiction when the judge "improperly retained jurisdiction after commencement of his appeal to the district court").

For the aforementioned reasons, the plaintiff has not met his burden to "set forth allegations that, [if] taken as true, establish that the application of an exception to the doctrine of absolute judicial immunity is above the speculative level." *Kirkland v. DiLeo*, 581 F. App'x 111, 114-15 (3d Cir. 2014) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Accordingly, Judge Schlegel is entitled to the protections of judicial immunity and the court will dismiss the complaint with prejudice.[6]

B. **The Plaintiff's Request For Payment For Service Of The Summons And Complaint**

In his response in opposition to the motion to dismiss, the plaintiff requests compensation for service of the summons and complaint. Pl.'s Opp'n at 8-9. The plaintiff states that he sent the defendant a letter on March 24, 2014, requesting waiver of service of the summons, a copy of which he attaches as Exhibit 1 to his opposition. *Id.* at Ex. 1. The plaintiff argues that because the defendant did not respond within the thirty-day time limit provided by Federal Rule of Civil Procedure 4(d)(1)(F), he is entitled to reimbursement of the monies spent hiring the Northampton County Sheriff's Office to effectuate service of the summons and complaint. *Id.* at 9.

Despite the plaintiff's request for compensation, he fails to argue or prove by way of documentary evidence that he complied with all of the provisions of Rule 4(d)(1). These provisions mandate that the notice and request for waiver contain certain information and language. *See* Fed. R. Civ. P. 4(d)(1) (setting forth requirements for notice and request for waiver of service). In particular, the plaintiff fails to show that he complied with Rule 4(d)'s requirements that the notice and request "name the court where the complaint was filed;" "be accompanied by a copy of the complaint, two copies of a waiver form, and a prepaid means for returning the form;" and "inform the defendant, using text prescribed in Form 5, of the consequences of waiving and not waiving service."[7] Fed. R. Civ. P. 4(d)(1)(B), (C), (D).

---

[6] Because of the resolution of this issue, the court will not address the defendant's remaining arguments about this action constituting an improper request for *mandamus* and the possible application of the *Rooker-Feldman* doctrine.

[7] If the plaintiff can prove that he provided this information elsewhere, such as on a separate sheet of paper, he should provide such proof to the court in the allotted timeframe. The court notes that as to Rule 4(d)(1)(D) requirement that the plaintiff use the language in Form 5 to alert the defendant to the consequences of waiving and not waiving service, the language contained in the plaintiff's letter request for waiver is deficient. The plaintiff's letter reads as follows:
> You have thirty days from the date of this letter to respond to my waiver of service request. After said time I will have service of the summons completed at your expense, as you may know from

Nonetheless, as it appears that the plaintiff has raised a potentially cognizable claim for reimbursement, the plaintiff shall have a period of thirty days to submit proof that would satisfy the court that all of the requirements of Rule 4(d)(1) were met in his March 24, 2014 request for waiver of service. If the plaintiff does not submit sufficient proof within thirty days, the court will consider the plaintiff to have abandoned his claim for reimbursement under Rule 4(d)(2).

### III. CONCLUSION

After examining the allegations in the complaint, the exhibits attached to the complaint, the parties' submissions, and matters of public record, and after hearing argument from the parties, the court finds that the plaintiff has failed to set forth allegations establishing that Judge Schlegel acted outside his judicial capacity or acted in the absence of all jurisdiction. Judge Schlegel is therefore entitled to the protections of judicial immunity and is immune from this lawsuit. Accordingly, the court will dismiss this action with prejudice.

An appropriate order follows.

BY THE COURT:



_____
EDWARD G. SMITH, J.

---

the instructions at the bottom of the waiver, there are some benefits for you to waive service of the summons.

Pl.'s Opp'n at Ex. 1. This language does not come close to the language provided in Form 5, which prescribes that the plaintiff include the following language when requesting waiver of service:

If you return the signed waiver, I will file it with the court. The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you. And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Fed. R. Civ. P. Form 5. It is insufficient, under the Rule, to simply assert that the defendant "may know" the benefits of waiving, or consequences of not waiving, service.